# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WESTERN PENNSYLVANIA

# Proceeding Memo

## Conciliation Conference:

**Debtor:** ADAM B & MELODY S CLARK
**Case Number:** 19-70338-JAD      **Chapter:** 13
**Date / Time / Room:** FRIDAY, JANUARY 10, 2020 11:00 AM  COURTROOM B
**Bankruptcy Judge:** JEFFERY A. DELLER
**Courtroom Clerk:** JEFF FURIS
**Reporter / ECR:** N/A

## Matter:

Contested Hearing on Confirmation of Debtor's Chapter 13 Plan Dated 6/5/2019
- Objection Filed By Specialized Loan Servicing, LLC at Doc. # 20
- Interim Confirmation O/E 7/24/2019 at Doc. # 23
R / M #: 2 / 0

## Appearances:

TRUSTEE: WINNECOUR / PAIL / KATZ / DESIMONE
DEBTOR(S): Kenneth Seitz, Esq.
CREDITOR: Keri Ebeck, Esq.  /  Wilminder [handwritten]

## Proceedings:

___ Motion is GRANTED / DENIED
___ Special Type Of Order:
___ CONTINUE MATTER:
     ___ For At Least ___ Days (Court To Issue Scheduling Order)
     ___ To Hearing Date Of _____ at ___ AM/PM at ___
     ___ To Conciliation Conference For _____ at ___
          ___ AM/PM at ___
___ ISSUE EVIDENTIARY HEARING NOTICE
     ___ Evidentiary Hearing On Value And Cram-Down Interest
     ___ Complex / Pretrial Order - NONJURY / JURY
     ___ Simple / Pretrial Order - NONJURY / JURY
     ___ Parties To Undertake Discovery - Discovery Period: ___ days
___ SETTLEMENT STIPULATION IS DUE _____
___ OTHER:

FILED
1/14/20 7:49 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

JEFFERY A. DELLER
U.S. Bankruptcy Judge

__Clark_____ Case No. __19-70338__ JAD
Debtor(s)

Chapter 13 Plan dated __6/5/2019__     Issued per the **January 10, 2020** Proceeding

Next Hearing Date: _____
& time:

☐ No Changes

☒ A. For the remainder of the Plan term, the Plan payment is amended to be $__1115__ as of __1/2020__ Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the plan.

☐ F. _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the fifth distribution level.

☐ G. Fee application needed if fees (including retainer) exceed $2,000/$2,500.

☒ H. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim: PA Rev (CL# 1)
Decatur Twp EIT (CL# 11)
Philipsburg-Osceola ADS (CL# 10)
US Bank (CL# 8) with payment changes implemented.

☒ I. Additional Terms:

The claim of Wilmington Savings (CL# 5) shall govern as to amount, paid in full at modified plan terms.

☐ **CASE TO BE DISMISSED**